Copies Mailed/Faxed 3/23/21
Chambers of Vincent L. Briccetti

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MYKAI DAVIS,

                Movant,

          -against-

UNITED STATES OF AMERICA,

                Respondent.

21-CV-2410 (VB)

14-CR-768-05 (VB)

ORDER DENYING MOTION UNDER
28 U.S.C. § 2255

---

VINCENT L. BRICCETTI, United States District Judge:

    Movant Mykai Davis asks this Court to vacate his conviction and sentence in this case. Davis did not appeal from the original judgment entered on July 14, 2017, *Davis v. United States*, ECF 7:14-CR-768-05, Doc. #266 (VB) (S.D.N.Y.), but he filed a § 2255 motion, and the Court ordered resentencing under *United States v. Davis*, 139 S. Ct. 2319 (2019). *See Davis v. United States*, ECF 7:18-CV-1308, Doc. #59 (VB) (S.D.N.Y. July 30, 2019) (denying other relief). On July 10, 2020, the Court resentenced Davis, and on July 13, 2020, the Court entered an amended judgment. *See United States v. Davis*, ECF 7:14-CR-768-05, Doc. #469. Thereafter, Davis filed a notice of appeal, *id.* Doc. #477, which appeal is currently pending in the Second Circuit, *see* 20-2462, *appeal pending*, (2d Cir.).

    Because Davis's direct appeal is pending, the Court denies the present § 2255 motion without prejudice as premature. The Court recognizes that it is not, strictly speaking, prohibited from adjudicating this motion while Davis's direct appeal is pending. *See United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002). But it is in the interest of judicial economy "to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (internal quotation marks and citation omitted). The same judicial economy concerns animate the Court's aversion to expending its

already scarce resources to reach a decision that could be rendered a "nullity" by the results of Davis's direct appeal. *Outen*, 286 F.3d at 632.

Because Davis's direct appeal is pending, his present § 2255 motion is premature. The Court therefore denies the § 2255 motion without prejudice.

## CONCLUSION

The Court denies the present motion under 28 U.S.C. § 2255 without prejudice as premature.

Because the present motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Chambers will mail a copy of this Order to movant at the address on the docket in ECF 7:21-CV-2410.

SO ORDERED.

Dated:   March 23, 2021
         New York, New York

                                              _____
                                              VINCENT L. BRICCETTI
                                              United States District Judge

2